Gershengorn, J.
This matter is before the court as one of dozens of frivolous complaints filed in recent years by an indigent plaintiff whose lawsuits have unfairly cost defendants money and time in answering the claims. In order to deter plaintiff from initiating such actions, this court finds it necessary to require plaintiff, before filing any future complaints, to make an additional showing that his claims are not frivolous.
FINDINGS OF FACT
Since 1986, Michael Nesbitt has filed at least forty complaints in Middlesex County against fifty-five individuals and entities,[1] alleging defamation, medical malpractice, or assault, or requesting temporary restraining orders. Many of these claims are patently meritless. Illustrative of this is Nesbitt’s complaint against O.J. Simpson, which alleges that “O.J. Simpson has assaulted plaintiff throughout the years [20-year period] by means of a firearm on a daily basis, he has followed me throughout the United States and committ (sic) these assaults.”
Nesbitt has demonstrated his indigency in each case and therefore has obtained a waiver of filing fees. Nesbitt’s actions have all either been dismissed, removed from the Superior Court or otherwise not proceeded to trial.[2] At least twenty-two of the defendants named in these actions have retained counsel.
The court finds that many of the complaints filed by Nesbitt to date have been patently baseless and frivolous, and have resulted not only in a waste of judicial resources, but, perhaps more troubling, these suits unfairly force defendants to bear the costs and inconveniences of defending themselves. The court accordingly finds it necessary to establish measures to deter Nesbitt from filing such claims, and consequently issues the following:
RULINGS OF LAW
In order to discourage frivolous law suits, General Laws c. 231, §6F awards reasonable counsel fees and other costs incurred in defending against claims which are wholly insubstantial, frivolous, and not advanced in good faith. Where the party filing frivolous claims is indigent, however, G.L.c. 231, §6F affords defendants no remedy. The Supreme Judicial Court has noted that injunctive relief may be appropriate where “the party filing a frivolous action would be judgment proof or otherwise undeterred by *132 the threat of liability under G.L.c. 231, §6F...” Town of Brookline v. Goldstein, 388 Mass. 443, 448, n.6 (1982).
In Town of Brookline v. Goldstein, the Superior Court enjoined Goldstein from filing numerous frivolous legal suits against the town and others. The Supreme Judicial Court vacated the injunction after applying the four-part test to determine whether an injunction should have been issued, and concluded that (1) access to the courts should not be restricted unnecessarily; (2) the town could recover damages under G.L.c. 231, §6F, and (3) the procedure described in the preliminary injunction at issue was cumbersome and unclear. Id. at 448-49.[3]
The facts before this court are easily distinguishable from those in Goldstein, where the person filing actions was not indigent. Here, however, the dozens of defendants named by Nesbitt have no recourse against bearing the cost and inconvenience of defending baseless suits.
The court is also mindful of its obligation not to restrict unnecessarily Nesbitt’s access to the courts, so that the merit of his claims may be properly determined. In light of these considerations, and the extreme and unique circumstances present, this court concludes that it is necessary to impose upon Nesbitt certain requirements for commencing legal actions which will ensure that his claims are not frivolous before requiring the defendants to answer the complaints.
ORDER
For the foregoing reasons, it is ORDERED that plaintiff Michael Nesbitt be hereby permanently enjoined from filing any action at law or in equity in Middlesex Superior Court against any party without first following the procedure established herein:
1. All complaints submitted for filing by Michael Nesbitt must be signed under the pains and penalties of pfeijury.
2. Before requiring any named defendant(s) to file an answer, the clerk will bring the complaint to the Regional Administrative Judge or his/her designee, who shall review the complaint and conduct a brief hearing on the record to determine whether or not the claims are frivolous. At that hearing, the Regional Administrative Judge or his/her designee shall hear the plaintiffs testimony regarding his claims.
3. If the Regional Administrative Judge or his/her designee determines, upon consideration of evidence presented at the hearing and review of the complaint, that the claims are frivolous, he/she shall prohibit Michael Nesbitt from filing the action upon which those claims are based. Alternatively, the Regional Administrative Judge shall permit Michael Nesbitt to file any complaint or portion thereof which it has determined is not frivolous.

 Nesbitt has commenced in Middlesex Superior Court legal proceedings in recent years against: Shelter, Inc., Civ. A. No. 86-3952, negligence, personal injury; Cambridge Post Office, Civ. A. No. 88-2096, miscellaneous tort; John Doe, Civ. A. No. 89-7503-7504, seeking equitable remedy; Positive Lifestyles, Civ. A. No. 89-8551, defamation; Boston House of Pizza, Civ. A. No. 89-4044, defamation; Richard Pientradoso, Civ. A. No. 89-7502, equitable remedy; Lisa Osborn and 24 other defendants, including Tom Cruise Creative Artists, Bill Cosby, Tony Curtiss, Kevin White, and O.J. Simpson, Civ. A. No. 90-0025, miscellaneous torts; Pine Street Inn, Civ. A. No. 90-0130, defamation; Somerville Police, Civ. A. No. 90-1239, negligence, personal injury; McDonald's, Civ. A. No. 90-2633, defamation; Boston University Dental School, Civ. A. No. 90-2822; Codman Company, Civ. A. 90-2879, miscellaneous tort; Lance Lucas, Avis Rent-A-Car and P. VHolding Corp., Civ. A. No. 90-7784; A&P, Civ. A. No. 91-0211, defamation; Brigham’s Restaurant, Civ. A. No. 91-2313, seeking equitable remedy; Sea Boston, Civ. A. No. 91-3451, defamation; United States Post Office, Civ. A. No. 91-4244, miscellaneous tort; Cambridge City Hospital, Civ. A. No. 91-4459, miscellaneous tort; City of Boston, Civ. A. No. 91-4565, defamation; Central Security, Civ. A. No. 91-4647, miscellaneous tort; Federal Protective Service, Civ. A. No. 91-7591, seeking equitable remedy; Montillio’s, Civ. A. No. 91-4693, defamation; Papa Gino’s, Civ. A. No. 91-8598, for “verbal attack or indirect slander by two Papa Gino’s employees in 1990"; Stop & Shop, Civ. A. No. 91-4696, for "plaintiff was regularly verbally slandered and attacked while working as special police officer (security) on the premises of defendant"; William Adams, Civ. A. No. 92-7784, “the defendant assaulted plaintiff sexually and physically.” Brigham & Women’s Hospital, Civ. A. 94-1436, false imprisonment; University of Massachusetts, 95-5715, “the plaintiff while a student at University of Massachusetts (CPCS) was approached by three people whom surrounded him and called him stupid and crazy during a class session in October or November (1993)’’; Harvard School of Dental Medicine, Civ. A. No. 95-6725, "defendant was negligent... assaultive . . . [and] used demeaning and didactic language . . .”; Cottonwood Club, Civ. A. No. 95-7577 “. . . bartender . .. yelled the word weird while standing in front of plaintiff, this was done in a verbally injurious manner. The Cottonwood Club did not respond to a consumer protection Act letter . . .”; Melissa Porter, Civ. A. No. 96-0634, (flashing handgun and slander); Patricia Glynn, Civ. A. No. 96-0653, for temporary restraining order; Formiko Asahina, ”... while getting hair treatment, the defendant pulled my back in a (sic) assaultive manner, causing me to suffer neck pain”; Linda Jacques, Civ. A. No. 96-3697, assault by means of a dangerous weapon; Christina Foti, Civ. A. No. 96-3698, “plaintiff was assaulted by a handgun and Christina Foti was the driver”; Edward Moran, Civ. A. No. 96-3699, “assault by means of a gun”; O.J. Simpson, Civ. A. No. 96-4374, assault over course of 20 years; Renee Carson, Civ. A. No. 96-3701, assault with handgun; and David Rubin, Civ. A. No. 96-4931, assault.

 Of the forty cases Nesbitt has filed in Middlesex Counly since 1986, twenty have been dismissed, four have been removed to the District Court, one has been removed to the United States District Court of Massachusetts, and the rest are pending trial.

 The injunction in Goldstein enjoined the defendant “from commencing any action or proceeding legal or equitable in any court of the Commonwealth against plaintiff, its employees, elected or appointed officials, without obtaining the prior approval of this court.”